IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **GERMAN RIVERA RUIZ,** | )<br>) |
| Petitioner, | ) Case No. 7:19CV00884<br>) |
| v. | ) **OPINION**<br>) |
| **WARDEN BRECKON,** | )<br>) By: James P. Jones<br>) United States District Judge |
| Respondent. | ) |

*German Rivera Ruiz, Pro Se Petitioner; Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for the Respondent.*

Petitioner, German Rivera Ruiz, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Rivera Ruiz contends that his conviction and sentence for brandishing a firearm during a crime of violence must be vacated in light of *United States v, Davis*, 139 S. Ct. 2319 (2019). After review of the record and the parties' submissions, I conclude that the Respondent's Amended Motion to Dismiss must be granted.

I.

On December 16, 2009, a grand jury in the United States District Court for the Southern District of Indiana returned a four-count Indictment in Cause No. 1:09-

---

[1] Rivera Ruiz is confined at the United States Penitentiary Lee County, which is located in this judicial district.

CR-0189WTL-KPF, charging Rivera Ruiz and others with Hobbs Act robbery, in violation of 18 U.S.C. § 1915 (Counts One and Three) and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two and Four). Resp't's Am. Mot. Dismiss Ex. 1, Indictment, ECF No. 15-1.

On June 22, 2011, Rivera Ruiz pled guilty to Counts One and Two of the Indictment pursuant to a written Plea Agreement. *Id.* Ex. 2, Mem. Plea Agreement, ECF No. 15-2. The court sentenced him to the agreed-upon sentence of 180 months imprisonment — 96 months on Count One and 84 months on Count Two, to be served consecutively, followed by a total of five years of supervised release. As part of the bargain, the government agreed to dismiss Counts Three and Four of the Indictment. Judgment was entered on July 11, 2011. Pursuant to the waiver in the Plea Agreement, Rivera Ruiz did not appeal.

Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Rivera Ruiz filed a motion in the sentencing court on June 7, 2016, which the court subsequently docketed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Resp't's Am. Mot. Dismiss 3, ECF No. 15. Rivera Ruiz argued that the Supreme Court's reasoning invalidating the residual clause of the Armed Career Criminal Act (ACCA) should extend to his conviction under 18 U.S.C. § 924(c). The court agreed but found that Rivera Ruiz's conviction

for Hobbs Act Robbery still qualified as a crime of violence under the "force" or "elements" clause. *Id.* at 4. The court thus denied the motion to vacate on December 19, 2018. The court denied a certificate of appealability (COA).

Rivera Ruiz filed another motion to vacate in the Southern District of Indiana on August 13, 2019, based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The court found that it lacked jurisdiction over the motion because it was a second or successive § 2255 motion for which Rivera Ruiz had not received permission from the Court of Appeals for the Seventh Circuit to file. The sentencing court again dismissed the motion and denied a COA. Rivera Ruiz then sought leave from the court of appeals to file a second or successive motion, but the Seventh Circuit, in an Order dated September 6, 2019, denied the application for leave, finding that it was barred by 28 U.S.C. § 2244(b)(1) because Rivera Ruiz had already raised a *Davis*-type argument, albeit before the Supreme Court decided *Davis*, in his first motion to vacate. *Rivera-Ruiz v. United States*, No. 19-2664 (7th Cir. Sept. 6, 2019) (unpublished). The appellate court also noted that Rivera Ruiz's motion would fail on the merits because Hobbs Act robbery is a valid predicate conviction for purposes of § 924(c). *Id.* at 2 (citing *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017)).

Rivera Ruiz filed his present § 2241 petition in this court on December 30, 2019, challenging the validity of his conviction and sentence as imposed in light of

*Davis*, 139 S. Ct. 2319, *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), and *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019). The Respondent has filed an Amended Motion to Dismiss and the time for Rivera Ruiz to respond has long passed, making the matter ripe for consideration.

II.

Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the "savings clause" of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The requirements of the savings clause are jurisdictional. *Wheeler*, 886 F.3d at 425–26. Thus, unless the petitioner meets these requirements, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence.

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the

gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

In *Wheeler*, the Fourth Circuit outlined conditions in which the savings clause may be used to challenge an allegedly unlawful *sentence*. The court held that § 2255 is inadequate and ineffective to test the legality of a sentence when all four of the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

Rivera Ruiz's § 2241 petition, liberally construed, alleges that § 924(c) is unconstitutional and that, by extension, his conviction and sentence for the § 924(c) charge is also unconstitutional. According to Rivera Ruiz, he, his counsel, and the district court failed to understand the correct essential elements of the § 924(c) violation and he is actually innocent of Count Two.

Rivera Ruiz further argues that he is entitled to have his claim heard under the savings clause, 28 U.S.C. § 2255(e), and § 2241. The respondent argues that Rivera Ruiz has not stated facts showing that I have jurisdiction under *Wheeler* and

*Jones* and the savings clause to address his claims on the merits under § 2241. I agree.

> Section 924(c) provides in relevant part:
>
> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). At the time of Rivera Ruiz's sentencing in 2011, § 924(c) defined the phrase "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
> >
> > (B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection "A" is commonly known as the "force" clause and subsection "B" as the "residual clause." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).

In *Davis*, the Supreme Court held that § 924(c)(3)(B) was unconstitutionally vague. The Court followed its reasoning in *Johnson*, 576 U.S. at 596–97 (invalidating "residual clause" of ACCA as unconstitutionally vague), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018) (invalidating "residual clause" of 18 U.S.C. § 16 as unconstitutionally vague). *Davis*, 139 S. Ct. at 2335–36.

There are two problems with Rivera Ruiz's contentions. First, he is clearly presenting constitutional arguments, which have no place within the *Jones*/*Wheeler* framework. *Wheeler* and *Jones* both involved statutory, not constitutional decisions. *Wheeler*, 886 F.3d at 430 (citing *In re Jones*, 226 F.3d at 329–30).

Second, Rivera Ruiz cannot meet the conditions set forth in *Wheeler* and *Jones* in order to utilize § 2255(e)'s savings clause and challenge his conviction pursuant to § 2241. He clearly meets the first condition, as the Supreme Court had twice rejected suggestions by dissenting justices that the ACCA's residual clause was unconstitutionally vague. *Johnson*, 576 U.S. at 594 (citing *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011)). Arguably, he satisfies the second requirement, as *Davis* had not yet been decided when Rivera Ruiz filed his first § 2255 motion in June of 2018, although *Johnson*

had been and Rivera Ruiz raised a *Davis*-type argument based on *Johnson* in his motion.[2] The court need not decide whether Rivera Ruiz satisfies *Jones*' second prerequisite, however, because he cannot meet the third *Jones* condition.

To reiterate, *Jones*' third requirement states that the petitioner must be unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions. 226 F.3d at 334.[3] As noted above, both *Wheeler* and *Jones* involved statutory, not constitutional, decisions. By contrast, *Johnson*, *Dimaya*, and *Davis* were constitutional decisions. *See Johnson*, 576 U.S. 597 (describing residual clause as "unconstitutionally vague"); *id.* at 606 (holding that imposing increased sentence

---

[2] Further, in terms of *Wheeler*'s requirements, at least two circuits have held that *Davis* is retroactively applicable to cases on collateral review. *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (finding that *Davis* announced a new rule of constitutional law retroactively applicable on a first § 2255 motion); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (holding that *Davis* was retroactively applicable in context of application for leave to file second or successive motion under § 2255).

[3] Section 2255 provides, in relevant part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

under residual clause of ACCA "violates the Constitution's guarantee of due process"); *Davis*, 139 S. Ct. at 2336 (finding 18 U.S.C. § 924(c)(3)(b) "unconstitutionally vague.") (internal quotation marks, citation and alterations omitted); *Dimaya*, 138 S. Ct. at 1216 ("In sum, § 16(b) has the same two features that conspired to make ACCA's residual clause unconstitutionally vague."). Therefore, because Rivera Ruiz's claim falls within the parameters of § 2255(h)(2) as a "new rule of constitutional law," 28 U.S.C. § 2255(h)(2), he is unable to satisfy the third *Jones* requirement. Accordingly, Rivera Ruiz may not rely on § 2255(e)'s savings clause to bring his claim under § 2241. *See Cook v. Warden, USP Lee County*, No. 7:18CV00311, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all requirements must be met and petitioner failed to satisfy one of them). His only recourse is to return to the Seventh Circuit and seek leave to file a second or successive motion to vacate pursuant to § 2255(h).[4]

For the stated reasons, Rivera Ruiz has not demonstrated under the requirements of *Wheeler* and *Jones* that § 2255 is inadequate and ineffective to test

---

[4] The fact that Rivera Ruiz has previously been unsuccessful in this regard is irrelevant. *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In re Vial*, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.") (internal citations omitted).

the legality of his conviction and sentence, respectively.[5]  Consequently, this court has no jurisdiction to address the merits of his claims under § 2241.  I will grant the Respondent's Amended Motion to Dismiss and dismiss Rivera Ruiz's petition without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED:   March 19, 2021

/s/  JAMES P. JONES
United States District Judge

---

[5] To the extent Rivera Ruiz challenges his sentence under *Wheeler* as the result of an unlawful conviction, for the reasons stated above Rivera Ruiz cannot meet *Wheeler*'s requirements to give this court jurisdiction over such a claim by way of the savings clause.